**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

MARIA ALICIA CORDON,

    Plaintiff,

  v.

WORLD SAVINGS BANK, FSB, *et al.*,

    Defendants.

No. C 09-5333 SBA

**ORDER**

[Docket Nos. 14, 15]

On August 31, 2009, Plaintiff Maria Alicia Cordon ("Plaintiff") filed the instant Complaint in the Superior Court of the State of California in and for the County of Contra Costa. (See Docket No. 1, Notice of Removal, Ex. A ("Complaint")). Plaintiff brings the instant action against Golden State Financing, LSI Title Company, Inc. and Wachovia Mortgage[1] ("Wachovia" or "Defendant"), claiming numerous violations of state and federal laws that stem from the refinance of a home loan. On November 12, 2009, Wachovia removed the action to federal court pursuant to 28 U.S.C. § 1331. (Docket No. 1.) On December 18, 2009, Wachovia filed a Motion to Dismiss Plaintiff's Complaint (Docket No. 14) and a Motion to Strike Portions of Plaintiff's Complaint (Docket No. 15). For the reasons discussed below, the Court DENIES both of Wachovia's motions without prejudice.

*First*, the Court is unable to adjudicate the instant motion to dismiss and motion to strike at this juncture because a <u>complete</u> copy of the Complaint is not part of the Court file. Upon a review of the Notice of Removal, the Court finds that Plaintiff's Complaint is incomplete. There are numerous pages missing from the end of the Complaint that include at least three causes of action (at issue in the instant motions) and Plaintiff's prayer for relief. Removing defendants are required to "file in the district court of the United States for the district and division within which such action is pending a notice of removal ..., together with a copy of all process, *pleadings*, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added).

---

[1] Formerly known as Wachovia Mortgage, FSB and World Savings Bank, FSB, sued as "World Savings, FSB" and "Wachovia Mortgage." (See Notice of Removal at 1:23-27.)

1  Wachovia's failure to comply with the requirements of 28 U.S.C. § 1446(a) prevent this Court from
2  properly adjudicating the instant motions.

3  *Second*, all parties are required to meet and confer before filing any motion with this court,
4  and to certify that they have complied with this requirement. (Docket No. 17.)  Wachovia has failed
5  to do so.  This requirement is essential to the parties' representation that there is a dispute which
6  requires the Court's resolution. Until such time as the parties have met and conferred to discuss the
7  issues, it is premature to conclude that there exists a dispute necessitating the Court's intervention.
8  The meet and confer requirement is essential to conserving the limited time and resources of the
9  Court and the parties, by obviating the filing of unnecessary motions.

10  In the instant case, Wachovia moved to dismiss twenty-one of twenty-two causes of action
11  contained in Plaintiff's Complaint.  In her opposition, Plaintiff seeks to withdraw nine of her causes
12  of action and asks leave of the Court to file an amended complaint.  Plaintiff states that the
13  underlying facts of the case have changed, including a loan modification, and she now desires to
14  "narrow the scope of the lawsuit to far fewer issues." (Opp. at 10:18-19.)  Had the parties met and
15  conferred as required it appears the parties could have reached an agreement as to the nine causes of
16  action which Plaintiff now seeks to withdraw as well as her desire to file an amended complaint.

17  Because the Court does not have a complete copy of the operative Complaint in this matter,
18  and because Wachovia failed to certify that the parties have met and conferred on any substantive
19  issues, the Court DENIES Wachovia's motions without prejudice.

20  Further, the Court notes that this matter is still early in the proceedings and a responsive
21  pleading is yet to be filed.  Plaintiff has stated that the underlying facts of the case have changed and
22  she desires to file an amended complaint.  Federal Rule of Civil Procedure 15(a)(2) provides that
23  leave to amend shall be freely given "when justice so requires."

24  Accordingly,
25  IT IS HEREBY ORDERED THAT:
26  (1)     Wachovia shall file an amended Notice of Removal that fully complies with 28
27           U.S.C. § 1446(a) by April 5, 2010.
28  (2)     Wachovia's Motion to Dismiss Plaintiff's Complaint is DENIED without prejudice.

(3) Wachovia's Motion to Strike Portions of Plaintiff's Complaint is DENIED without prejudice.

(4) Plaintiff shall file an amended complaint by April 9, 2010.

(5) The parties shall meet and confer in person or by telephone prior to filing any future motions.

IT IS SO ORDERED.

March 31, 2010

_____
Saundra Brown Armstrong
United States District Judge