UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA ALICIA CORDON,<br><br>Plaintiff,<br><br>vs.<br><br>WORLD SAVINGS BANK, FSB, et al.,<br><br>Defendants. | Case No: C 09-5333 SBA<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff filed the instant action in state court on August 31, 2009. Plaintiff's initial complaint included specific causes of action for violations of the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") (Fifth and Ninth Causes of Action, respectively). Dkt. 1, Ex. A, Compl. ¶¶ 128-136, 165-171. On November 12, 2009, Defendants removed this action based on federal question jurisdiction. Dkt. 1 at 1-2. Specifically, Defendants asserted that Plaintiff's RESPA and TILA causes of action gave rise to federal question jurisdiction. Id. at 2.

On April 9, 2010, Plaintiff filed a first amended complaint ("FAC") in which she eliminated her federal claims. The remaining causes of action in the FAC are limited to the following state law claims: (1) fraud; (2) unfair business practices under California Business & Professions Code § 17200; and (3) an accounting. Dkt. 31.

Under 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Thus, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record …." DaimlerChrysler Corp. v. Cuno, 547

1  U.S. 332, 342 n.3 (2006).  Where the "law that creates the cause of action is state law,"
2  "original federal jurisdiction is unavailable unless it appears that some substantial, disputed
3  question of federal law is a necessary element of one of the well-pleaded state claims, or that
4  one or the other claim is 'really' one of federal law."  Franchise Tax Bd. of State of Cal. v.
5  Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983); see also Berg v.
6  Leason, 32 F.3d 422, 425 (9th Cir. 1994) ("[a] suit arises under the law that creates the cause of
7  action.") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)).
8       Here, only Plaintiff's second cause of action, for unfair business practices under section
9  17200, includes allegations regarding federal law.  Dkt. 31.  Specifically, this cause of action
10 alleges underlying violations of TILA and RESPA.  Id. ¶¶ 32-33, 37-40.  The relevant case law
11 indicates that the inclusion by Plaintiff of such allegations in her section 17200 claim does not
12 support federal question jurisdiction.  See Carbonel v. ARA Loans and Realty, Inc., 2010 WL
13 3219296, at *2 (N.D. Cal. Aug. 12 2010) (the inclusion of allegations regarding RESPA and
14 TILA violations in a section 17200 claim "does not create a federal question because they will
15 just shape [the] court's interpretation of the claim.") (internal quotations omitted); California v.
16 H & R Block, Inc., 2006 WL 2669045, at *4 (N.D. Cal. Sept. 18, 2006) (finding that
17 incorporation of a TILA violation into a section 17200 claim does not confer "arising under"
18 jurisdiction); Fleenor v. Cmty. One Fin., 2010 WL 2889767, at *2-*3 (E.D. Cal. July 21, 2010)
19 (finding that incorporation of allegations regarding TILA and RESPA into section 17200 claim
20 does not confer jurisdiction); Montoya v. Mortgageit Inc., 2010 WL 546891, at *3 (N.D. Cal.
21 Feb. 10, 2010) ("[t]he reference to the alleged RESPA … and TILA violations are not a
22 necessary element of the § 17200 claim because plaintiff could prevail on that claim by
23 showing any 'unlawful, unfair, or fraudulent practice' independent of the federal law
24 allegations."); cf., Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996) ("When a
25 claim can be supported by alternative and independent theories - one of which is a state law
26 theory and one of which is a federal law theory - federal question jurisdiction does not attach
27 because federal law is not a necessary element of the claim.").
28      Accordingly,

IT IS HEREBY ORDERED THAT:

1. Defendants shall show cause why the Court should not remand this action for failure to state a federal claim. Defendants shall respond to this Order in writing within fourteen (14) days of the date this Order is filed. Plaintiff may file a brief in opposition to Defendants' response within twenty-one (21) days of the date this Order is filed. Failure to timely respond to this Order may result in remand of this action without further notice.

2. Defendants' Motion to Dismiss and Motion to Strike (Dkts. 32, 33), which are under submission, are held in abeyance pending resolution of the jurisdictional issues addressed in this Order.

IT IS SO ORDERED.

Dated: October 26, 2010

                                                SAUNDRA BROWN ARMSTRONG
United States District Judge