UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIA ALICIA CORDON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., FORMERLY KNOWN AS WORLD SAVINGS BANK FSBM AND GOLDEN STATE FINANCING,<br><br>　　　　Defendants. | Case No:  C 09-5333 SBA<br><br>**ORDER**<br><br>Docket 51 |

Plaintiff Maria Alica Cordon brings the instant action against Wachovia Mortgage ("Wachovia"), claiming that its predecessor, World Savings Bank FSB ("World Savings"), and mortgage broker Golden State Financing ("GSF") violated her rights in connection with the refinancing of her home mortgage. The parties are presently before the Court on Wachovia's Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC"). Dkt. 51.[1] For the reasons stated below, the motion to dismiss is GRANTED. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

---

[1] Wachovia is alleged to be a division of Wells Fargo Bank, which also is named as a Defendant. SAC ¶ 2. References to Wachovia in this Order shall be deemed to include Wells Fargo Bank.

## I. BACKGROUND

### A. FACTUAL BACKGROUND

Plaintiff, the owner of property located at 2741-14th St., San Pablo, California ("the Property"), alleges that she was the victim of a fraudulent mortgage refinancing scheme orchestrated by World Savings. SAC ¶¶ 1, 19, 20. According to Plaintiff, GSF personnel were trained by World Savings to target elderly and non-English speaking individuals to place them into high interest, negative amortization loans that could be "dumped" in the secondary mortgage market. Id. ¶ 19. The existence of such practices allegedly was corroborated by Paul Bishop, a former World Savings executive, during an interview with 60 Minutes. Id. ¶ 19. Consistent with World Savings' purported predatory loan practices, GSF agents completed a loan application on Plaintiff's behalf. Id. ¶ 10. Unbeknownst to Plaintiff, GSF misrepresented her employment and income so that she would qualify for the loan. Id. ¶¶ 9-10. At GSF's direction, Plaintiff signed the loan documents, which were not explained to her. Id. Though GSF only communicated to Plaintiff in Spanish, it did not provide her with any Spanish-translated documents nor did it advise her of her right to obtain such translations. Id. ¶ 8.

On or about August 31, 2006, Plaintiff obtained an adjustable rate mortgage from World Savings in the sum of $455,000, which was secured by a Deed of Trust on the Property. Def.'s Request for Judicial Notice ("RJN"), Exs. F & G, Dkt. 52. Instead of receiving a "better loan" as promised, Plaintiff was placed into a negative amortization loan containing an interest cap of almost 12 percent. Id. ¶ 20. On a date not specified in the pleadings, Wachovia, as the successor to World Savings, accused Plaintiff of defaulting on her mortgage payments, though she denies that was the case. Id. ¶ 12. Plaintiff was able to avoid foreclosure, however, by entering into a loan modification agreement with Wachovia on or about August 29, 2009. Id. Plaintiff alleges that the modification "did not fully compensate [her] for any of the damage she incurred between her application and the date of her loan modification." Id. ¶ 15.

### B.  PROCEDURAL BACKGROUND

As a result, Plaintiff filed the instant action against Wachovia in state court on August 31, 2009.  Notice of Removal, Dkt. 1.  On November 12, 2009, Wachovia removed the action on the grounds that the Court has original jurisdiction over Plaintiff's Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") claims.

On April 9, 2010, Plaintiff filed a First Amended Complaint ("FAC"), in which she eliminated her TILA and RESPA claims.  The FAC alleged three state law causes of action for:  (1) fraud; (2) unfair business practices in violation of California Business & Professions Code § 17200 ("UCL"); and (3) an accounting.  Dkt. 31, 43 at 3 n.2.  The UCL claim consists of three subparts.  The first subpart was based on the wrongful refusal to rescind under TILA, while the second subpart alleged wrongful credit reporting under RESPA and/or TILA.  Both of these UCL claims are alleged against Wachovia.  The third UCL claim alleged that GSF failed to provide a Spanish translation of the loan documents, as required by California Civil Code § 1632.

Wachovia filed a motion to dismiss the FAC in which it contended that each of Plaintiff's claims was preempted by the Homeowners' Loan Act of 1933 ("HOLA"), or alternatively, that each claim was deficiently pleaded.[2]  In addition, Wachovia filed a separate motion to strike certain of Plaintiff's allegations.  Dkt. 32.  In her opposition, Plaintiff argued that the Court should remand the action because she had dismissed her TILA and RESPA claims.  Dkt. 36.  Plaintiff also denied that her causes of action were preempted by HOLA and argued that she otherwise had alleged plausible claims.  Id.  Subsequent to the close of briefing, the Court issued an Order to Show Cause Re: Remand, in which it directed Wachovia to show cause why the action should not be remanded.  Wachovia submitted a memorandum in response to the Order to Show Cause.  Dkt. 40.

---

[2] At the time of Wachovia's motion to dismiss the FAC, Plaintiff had not served GSF.  See Dkt. 43 at 4 n.3.  As more than 120 days had passed since Plaintiff filed her action, pursuant to Federal Rule of Civil Procedure 4(m), the Court ordered Plaintiff to effectuate service on GSF within fourteen days of the Order or the FAC against GSF would be dismissed.  On March 10, 2011, Plaintiff filed a Certificate of Service with the Court showing she had served GSF with the FAC.  Dkt. 47.

On March 4, 2011, the Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Denying Defendants' Motion to Strike Portions of the First Amended Complaint.[3]  Dkt. 43.  The Court found it had subject matter jurisdiction because the success or failure of Plaintiff's UCL claims was contingent upon violations of federal law, including TILA and RESPA.  Id. at 5.  The Court found that Plaintiff's fraud claim, UCL claim based on TILA and accounting claim against Wachovia should be dismissed as preempted by HOLA.  Id. at 6-12.  The Court also held that Plaintiff's UCL claim based on TILA should be dismissed because Plaintiff failed properly to allege standing.  Id. at 9-11.  The Court denied Wachovia's motion with regard to the UCL claim based upon wrongful reporting to credit bureaus, finding that Plaintiff alleged standing and finding Wachovia failed to support its argument that this claim related to HOLA's loan servicing provisions under 12 C.F.R. § 560.2(b)(10).  Id. at 11-12.

On March 24, 2011, Plaintiff filed her SAC.  Dkt. 50.  She abandoned her fraud and accounting claims against Wachovia, and left unaltered her UCL claim based on wrongful credit reporting.  Id.  In count one of her second cause of action, Plaintiff amended her UCL claim based on TILA.  Id.  She styles the claim as a "Violation of HOLA," but her allegations seem to focus on both violations of TILA and HOLA.  Id.  On April 7, 2011, Wachovia filed the instant motion to dismiss Plaintiff's UCL claim based on TILA in her SAC on the ground that such is preempted by HOLA.  Dkt. 51.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6) a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted.  To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim

---

[3] Not pertinent to the motion currently before the Court is the Court's rulings pertaining to Wachovia's motion to strike.  Dkt. 43.  The Court denied Wachovia's motion to strike Plaintiff's claims for emotional distress, punitive damages and declaratory relief on the ground that Federal Rule of Civil Procedure 12(f) cannot be utilized for this purpose.  Id. at 13.  The Court also denied Wachovia's motion to strike Plaintiff's references to a 60 Minutes interview because those allegations related to Plaintiff's claims of fraudulent practices by Wachovia.  Id.

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff. In deciding a Rule 12(b)(6) motion, the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice[.]" Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold and Easement in the Cloverly Subterranean, Geological Formation, 524 F.3d 1090, 1096 (9th Cir. 2008). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). If the complaint is dismissed, plaintiff generally should be afforded leave to amend unless it is clear the complaint cannot be saved by amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

### III. DISCUSSION

Wachovia seeks to dismiss count one of Plaintiff's UCL claim on the ground that it is preempted by HOLA.[4] The UCL makes actionable any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability." Birdsong v. Apple, Inc., 590 F.3d 955, 959 (9th Cir. 2009). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." Farmers Ins. Exch. v. Super. Court, 2 Cal.4th 377, 383 (1992) (internal quotations and citations omitted); Chabner v. United Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000). The violation of almost any federal, state, or local law may serve as the basis for a UCL claim. Saunders v. Superior Court, 27 Cal.App.4th 832,

---

[4] Wachovia also contends that Plaintiff's UCL claim is insufficiently pleaded as to showing an "unfair business practice" and standing. Dkt. 51 at 7-9. However, given the Court's conclusion that Plaintiff's claim is preempted by HOLA, the issue of whether Plaintiff's allegations are adequate is moot.

838-39 (1994). Plaintiff's state-law UCL claim appears to attempt to borrow the law of either HOLA or TILA to establish a claim against Wachovia. Dkt. 50. Either way, HOLA preempts Plaintiff's state-law UCL claim.

## A. OVERVIEW: HOLA

HOLA was enacted in 1933 to govern the activities of federal savings associations. See Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). "HOLA created what is now the OTS [Office of Thrift Supervision] for the purpose of administering the statute, and it provided the OTS with 'plenary authority' to promulgate regulations involving the operation of federal savings associations." State Farm Bank v. Reardon, 539 F.3d 336, 342 (6th Cir. 2008). Pursuant to this authority, the OTS issued 12 C.F.R. § 560.2, which provides:

> (a) Occupation of field. Pursuant to sections 4(a) and 5(a) of the HOLA, 12 U.S.C. 1463(a), 1464(a), OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities ....

Id. § 560.2(a). The effect of this express preemption clause is to virtually occupy the entire field of lending-related activities of qualifying lending associations, thus leaving no room for conflicting state laws. Fidelity, 458 U.S. at 152-154; Silvas, 514 F.3d as 1007 n.3 (citing Rice v. Santa Fe Elev. Corp., 331 U.S. 218, 230 (1947)).[5]

To clarify the scope of HOLA's preemption, section 560.2(b) sets forth a non-exhaustive list of illustrative examples of the types of state laws that are expressly preempted, including:

> (4) *The terms of credit, including amortization of loans* and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the

---

[5] At the time of Plaintiff's loan origination, World Savings, which in 2007 became known as Wachovia, was a federal savings bank regulated by the OTS. See Dkt. 43 at 7 n.5; see also Def.'s RJN Ex. A-D, Dkt. 52.

> loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
>
> …
>
> (9) *Disclosure and advertising*, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
>
> (10) Processing, *origination*, servicing, sale or purchase of, or investment or participation in, mortgages;

12 C.F.R. § 560.2(b).

A claim or state statute may be preempted by HOLA on an "as applied" or case-specific basis. See Silvas, 514 F.3d at 1006. To determine whether a claim is preempted, "the first step will be to determine whether the type of law in question is listed in paragraph (b)." Silvas, 514 F.3d at 1005. If so, the state law is preempted. Id. Even state laws of general applicability, such as tort, contract, and real property laws, are preempted if their enforcement would impact federal savings associations in areas listed in § 560.2(b). Id. at 1006; 12 C.F.R. § 560.2(c). Alternatively, even if such laws are not covered by § 560.2(b), they may nonetheless be preempted if they have more than an incidental effect on the lending operations of a federal savings association. 12 C.F.R. §§ 560.2(c).

**B.   ANALYSIS**

Count one of Plaintiff's UCL unlawful prong appears to be asserting a state-law claim for a violation of HOLA. However, her allegations are not entirely clear because she alleges that Regulation Z, which was promulgated under TILA, was incorporated into the OTS' disclosure requirements, and therefore TILA was not preempted by HOLA:

> Count I. VIOLATION OF HOLA
> (Violation of Law as to Wachovia)
>
> 28) As of 1998, the FRB disclosure rules at 12 CFR Part 226 implement the Truth in Lending Act (TILA) and are commonly referred to as Regulation Z. Regulation Z, however, specially states that information provided in accordance with the variable rate regulations of other federal agencies, such as the OTS, may be substituted for the disclosures required by Regulation Z. To this extent, Regulation Z incorporates the OTS ARM disclosure rule at 12 CFR 560.210, and the OTS rule serves as an implementing regulation of TILA. Therefore, World Savings Bank was

**1**
**2**

>   subject to TILA's requirements at all times alleged herein, and TILA is not preempted by HOLA.

**3**

Dkt. 50 ¶28 at 7.  Plaintiff further alleges that Wachovia violated HOLA's disclosure

**4**

requirements under § 560.12 because Plaintiff "did not have a full understanding of the

**5**

type of obligation being incurred in order to make a reasonable and meaningful decision

**6**

concerning her ability to repay." Id.

**7**

Regardless of whether Plaintiff is basing her *state*-law UCL claim on HOLA or

**8**

TILA, it is preempted by the *federal* law of HOLA.  Plaintiff's claims that the disclosures

**9**

were deficient fall squarely within § 560.2(b)(9)'s express preemption of state-law claims

**10**

pertaining to "disclosure and advertising."  Silvas, 514 F.3d at 1008 (finding that UCL

**11**

state-law claim complaining of misrepresenting consumers' legal rights in advertisements

**12**

was preempted because it fits within § 560.2(b)(9)'s advertising and disclosure

**13**

requirements); Appling v. Wachovia Mortg., FSB, 2010 WL 3743770, at *8 (N.D. Cal.

**14**

Sept. 17, 2010) ("To the extent that the UCL claim is predicated on violations of TILA and

**15**

FCRA, it is based on allegations that Defendants failed to disclose credit-related

**16**

information and therefore falls into the category of preempted state laws listed in §

**17**

560.2(b)(9)."); Newsom v. Countrywide Home Loans, Inc., 714 F. Supp. 2d 1000, 1006-08

**18**

(N.D. Cal. 2010) (finding that HOLA preempted claim alleging that defendant failed to

**19**

provide disclosures required by TILA, and misrepresented interest rates and fees).

**20**

Plaintiff's only recourse in asserting a violation of HOLA would be to bring a direct

**21**

*federal* claim under HOLA, if such a cause of action were permitted.  See, e.g., Kelley v.

**22**

Mortg. Elec. Registration Sys., Inc., 642 F. Supp.2d 1048, 1054 (N.D. Cal. 2009) (finding

**23**

plaintiffs' claims preempted by HOLA and stating that plaintiffs "must reframe them in

**24**

terms of HOLA violations and show that the statute provides a private right of action for

**25**

the alleged violations").  However, the Ninth Circuit has ruled that no private right of

**26**

action under HOLA exists.  Burns Int'l, Inc. v. W. Sav. & Loan Ass'n, 978 F.2d 533, 535

**27**

(9th Cir. 1992) (discussing Taylor v. Citizens Fed. Sav. & Loan Ass'n, 846 F.2d 1320,

**28**

1321-24 (11th Cir. 1988)).  Consequently, because Plaintiff's state-law UCL unlawful

practice claim against Wachovia in count one of her second cause of action is preempted by HOLA and she cannot bring a direct federal claim under HOLA, it would be futile to provide Plaintiff with another opportunity to amend this claim.  Therefore, the Court dismisses with prejudice count one of Plaintiff's UCL claim for unlawful business practices against Wachovia.  Id.

## IV.    CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.    Wachovia's motion to dismiss (Dkt. 51) is GRANTED.  Plaintiff's second cause of action under the UCL is DISMISSED WITH PREJUDICE insofar as it is predicated on a violation of TILA or HOLA.

2.    Absent prior leave of Court, any additional motions and oppositions thereto shall be limited to fifteen (15) pages and replies are limited to ten (10) pages.

3.    This Order terminates Docket 51.

IT IS SO ORDERED.

Dated:  July 21, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge